WALTER A. WOOD MOWING & REAPING MACHINE COMPANY v. FRED GÆRTNER.

[See 55 Mich. 453.]

*Contract for sale—Delivery of machine.*

Defendant contracted for the purchase of a harvesting machine, to be delivered by a fixed date at a designated railway station, and, on the trial of a suit for the purchase price, gave evidence fairly tending to show that the consideration in part for the purchase of the machine consisted of an agreement by the vendor that, *when* so delivered, it should be ready for *use*. The machine arrived at the railroad station, in a "knocked down" condition, the day before that fixed for delivery, and *three* days after said date an expert sent by the vendor came to defendant's to *set up* the machine, which the defendant had hauled to his place, but refused to accept, having cut most of his wheat. The court

instructed the jury that the vendor had a *reasonable* time after defendant had drawn the machine home to set it up, and give him an opportunity to test it, and that three days was such reasonable time within the law, and practically directed a verdict for plaintiff.

*Held,* that the machine could not be considered as *delivered* until *set up* as a *machine;* that the different parts, which none but an expert could put together and form into a machine, could not be called one, under the contract, until attached together, and forming a complete harvester ; and that defendant had a right to go to the jury on the question of the agreed delivery of the machine ready for use, which issue, if found in his favor, eliminated the question of reasonable time from the case.

Error to Monroe. (Joslin, J.)   Argued October 29, 1886. Decided November 4, 1886.

Assumpsit.   Defendant brings error.   Reversed.   The facts are stated in the opinion.

*I. R. Grosvenor* and *A. B. Bragdon,* for appellant:

On the question of taking a case from the jury, counsel cite following authorities: *Teipel v. Hilsendegen,* 44 Mich. 461; *Peterson v. Anderson,* Id. 441; *Demill v. Moffat,* 45 Id. 412; *Woodin v. Durfee,* 46 Id. 427; *Marcott v. M., H. & O. R. R. Co.,* 47 Id. 1; *Somers v. Losey,* 48 Id. 294; *Winchester v. King,* Id. 281.

The meaning of written contracts must be determined by the court, but the *effect* of oral negotiations must be determined by the jury as matters of fact: *McKenzie v. Sykes,* 47 Mich. 294.

It is for the jury to decide whether an *oral* authority has been rightly construed (*Spalding v. Archibald,* 52 Mich. 365), as also the question of performance by the vendor and acceptance by the vendee (*Phelps v. Whitaker,* 37 Mich. 72).

Where an action for the price of goods involves the construction of an expression in the order for same, unless their acceptance waives such construction, the question is for the jury (*Hale Manufacturing Co. v. American Saw Co.,* 43 Mich. 250), as is the waiver of the conditions of a contract (*Chapman v. Colby,* 47 Mich. 46).

The transaction forming the basis of the present suit was an agreement to sell, and not a sale: *Welsh v. Bell,* 32 Penn. St. 12; *Martin v. Hurlbut,* 9 Minn. 142; *Straus v.*

*Ross,* 25 Ind. 300; *Myers v. Carr,* 12 Mich. 63, 69; *Phelps v. Whitaker,* 37 Id. 72; *Weiden v. Woodruff,* 38 Id. 130.

*O. A. Critchett,* for plaintiff:

When there is no dispute as to the material facts bearing on a question of reasonable time, it is properly decided by the court: *Druse v. Wheeler,* 26 Mich. 195; *Coon v. Spaulding,* 47 Id. 165; *Felt v. Reynolds R. F. Evap. Co.,* 52 Id. 605.

MORSE, J. This case has been once heretofore in this Court. The contract sued upon is set forth in the opinion of Mr. Justice SHERWOOD in 55 Mich. 454.

We then held that it was competent for the defendant to show that it was a part of the consideration. for which the order was given that the plaintiff should, at the time of the delivery of the property ordered, furnish a man to set up the machine, and make it work in the manner prescribed in the order.

The defendant, upon the last trial in the circuit, introduced testimony fairly tending to show that the consideration, in part, consisted of the agreement upon the part of plaintiff's agent that the machine should be delivered ready for use on or before the fifteenth day of July. The contract for the purchase of the machine was on the tenth of that month, and made with the evident object and purpose for use in the harvest of that year, which was expected to come closely upon the heels of the purchase.

The evidence was undisputed that on the fourteenth of July, on Saturday, the machine, or boxes and packages supposed to contain the different parts of the machine, arrived at Petersburgh. Mr. Russell, the local agent of the plaintiff company, helped defendant to load the boxes and packages, and defendant drew them to his home, a few miles from the station, in the forenoon of that day. At this time Russell told defendant that he expected an expert there to set it up. Russell swears he said the expert would be there Monday or

Tuesday, while defendant testifies that Russell said the expert would arrive on the afternoon train that day,—Saturday. Defendant went to town in the afternoon of Saturday, for the expert, who had not arrived.

The expert came to Petersburgh Monday afternoon, and on Tuesday set up a machine for another man, who had ordered a machine later than defendant. He went to defendant's on Wednesday morning, July 18, to set up the machine. Defendant, having cut most of his wheat before this,—commencing on Monday, as he claimed, because it was so ripe he could wait no longer,—refused to take the machine.

It is admitted that Russell could not set up the machine, and so informed defendant. Defendant swears that he told Russell, Saturday morning:

"I want that machine set up; that is, if there is anything like it in the boxes. I want that put up, so I can run it, and cut my wheat, because it is ripe now."

Russell said he—

"Didn't know how to set it up. He expected an expert for that work, and he thought the expert would be in that afternoon, on the 5 o'clock train."

Defendant went to town after the 5 P. M. train, and was then told by Russell that the expert would be there Monday. Monday morning defendant went to Petersburgh again. The expert not having arrived, he told Russell he did not want the machine, because his wheat was dead ripe, and he must hire men, and cut it right away. This he proceeded to do.

The court, after charging the jury at considerable length, finally said:

"I may, in short, say to you: Find a verdict for the plaintiff, with the amount of this order, with interest to the present time, $265. I receive the verdict."

Instantly thereupon the court continued:

"No; I will not. I say to the jury, if you find the machine was delivered there on or before the fifteenth, then the

company were to have a reasonable length of time after Mr. Gærtner had drawn the machine home in which to set it up, and give him an opportunity to test it, and that by Wednesday was a reasonable time, within the law; and that if you find from the evidence that Mr. Gærtner said, 'I will not take it,' as early as Monday, which was the next day after the time fixed for its delivery, and repeated it on Tuesday, and then on Wednesday, 'I will not hitch onto it, and I am not going to take it,' then the company need not set it up, nor test it, nor give him any opportunity to examine it at all, and he became liable for the machine at the contract price. Swear an officer.''

This was practically directing a verdict for plaintiff, and was error.

The machine could not be considered as delivered until it was set up as a machine. The different parts, which none but an expert could put together and form into a machine, could not be called a machine, as required by the contract, until attached together, and forming a complete harvester. Under all the circumstances, it would seem that both parties contemplated that the machine should be delivered in a condition fit for use on or before July 15. Certain it is that the whole tenor of defendant's testimony was to that effect, and he had a right to go to the jury upon that theory. If the jury so found, the question of reasonable time would be out of the case entirely.

We are referred by plaintiff's counsel to portions of defendant's evidence which are claimed to establish the plaintiff's theory that there was no arrangement that the machine should be set up on or before July 15. Be this as it may, the testimony of the defendant, as a whole, tended to support his theory of the contract, and the jury should have determined its weight and bearing. This they were not permitted to do.

The judgment is reversed, with costs, and a new trial granted.

The other Justices concurred.