MARGARET W. ALLIS, EXECUTRIX, ETC., AND WILLIAM
   W. ALLIS ET. AL., EXECUTORS, ETC., V. CARL
     G. A. VOIGT AND WILLIAM G. HER-
         POLSHEIMER.

*Pleading—Common counts.*

Plaintiffs sought to recover on the common counts in *assumpsit*
for an extra fly-wheel furnished by their testator under a con-
tract made by him with the defendants for the sale to them
at a specified price of a power outfit, to be by him set up in
their flouring-mill in the city of Grand Rapids, without expense
to them, except that they were to do all *teaming* required in
said city. The original fly-wheel was broken by defendants'
employés while hauling it to the mill, and plaintiffs' testator
furnished another one in its place, and on the completion of
the contract the contract price was paid by the defendants.
The bill of particulars contained charges for all of the items of
machinery covered by the contract, including the original fly-
wheel, and also a charge for the fly-wheel furnished in its
place. On the trial plaintiffs' counsel offered to show the fore-
going facts, and that the breakage occurred through the neg-
ligence of defendants' employés, and that the new wheel was
furnished upon the express understanding that the question of
who was liable for it should be settled thereafter, and plaint-
iffs sought to recover for the value of the new wheel, which
recovery, it is held, cannot be had under the common counts
in *assumpsit*.

Error to Kent. (Burch, J.) Argued November 20,
1890. Decided December 5, 1890.

*Assumpsit.* Plaintiffs bring error. Affirmed. The facts
are stated in the opinion.

*Norris & Norris,* for appellants.

*Uhl & Crane,* for defendants.

LONG, J. There does not seem to be any contention

between the parties over the facts in this case. They are substantially as follows:

This action was brought by the late Edward P. Allis against Carl G. A. Voigt and William G. Herpolsheimer to recover an alleged balance due to him from them upon the construction of a power outfit, which comprised an engine, boiler, fly-wheel, and other machinery set up in the Crescent Mills in Grand Rapids. The contract of sale is contained in the original contract made between the defendants and Mr. Allis, and the correspondence between the parties subsequent to this contract. The original contract was executed on the part of Mr. Allis by his agent August 15, 1887. Mr. Allis declined to accept this contract, unless some of the conditions could be modified, and September 2, 1887, proposed certain modifications to the original contract. The defendants, on September 12, 1887, gave a qualified acceptance of the modifications proposed by Mr. Allis. Mr. Allis, on September 14, 1887, assented to the qualified acceptance of the modifications of the original contract. The contract price of the power outfit was $6,829.54, which the defendants agreed to pay in the following manner:

"One-third cash upon shipment, one-third cash when the plant is ready to start, and one-third cash in thirty days from the time test has been made, and guaranty demonstrated to be filled."

But, if no expert test should be called for, then the last payment should be made in 30 days from the time Mr. Allis should turn the plant over to the defendants in good running order. The contract between the parties contained the following provisions in regard to the delivery of the power outfit:

"The above machinery to be erected in the Crescent Mills, Grand Rapids, Michigan, without expense to you, except that you shall do all teaming required in Grand Rapids, and furnish all mason and carpenter work."

"We agree to furnish you drawings for the location of the above machinery within ten days after receipt of order, and to have the outfit in running order not later than December 15, 1887."

"We will use our best efforts to get the outfit in place as promptly as possible, but we will not agree to any forfeiture for delay beyond December 15, 1887."

"It is to be understood that the man who erects the plant is to remain in charge long enough after the plant is started to determine that everything is in good working order."

Mr. Allis shipped the power outfit to Grand Rapids, and sent his agent, Mr. McDonald, there to erect it in defendants' mill. The defendants engaged Mr. Davis of Grand Rapids to do all the teaming required there. McDonald went to the depot in Grand Rapids, and pointed out to Davis the machinery which he desired to have hauled first. Mr. Davis loaded certain machinery of this power outfit, including the "fly-wheel," upon a sleigh, and hauled it to a point near the defendants' mill. While Mr. Davis and his employés were unloading the machinery, the fly-wheel was broken. Mr. Allis, after the breakage, furnished a new fly-wheel, of the value of $430, and erected it in the mill as part of the power outfit contracted for. The defendants thereupon paid to Mr. Allis the contract price of $6,829.54. Mr. Allis afterwards claimed that the defendants were liable to pay for the broken wheel, and the defendants deny all liability therefor. Therefore Mr. Allis brought suit to recover the original value of one fly-wheel, $430, and also the sum of $26.01, which the defendants had paid for freight upon the fly-wheel and charged to him.

The declaration contained only the common counts in *assumpsit*, and the bill of particulars specified "balance due, with interest from March 16, 1888, $415.86." The plaintiffs recovered in the court below for all the items except the fly-wheel, and the freight paid by defendants

and charged to Mr. Allis, and therefore these two items are the only ones in controversy in this case.

The plaintiffs' cause of action as stated in their offer to prove is as follows :

"That after the arrival of the fly-wheel in Grand Rapids, and while same was in charge and custody of defendants' servants, employés employed by the defendants to haul the same from the depot to the Crescent Mills, the said employés so negligently and unskillfully handled said fly-wheel that the same was broken and rendered useless ; that the plaintiffs' testator thereupon furnished and erected a new fly-wheel, of the value of $430, upon the express understanding that the question of who was liable for it should be settled thereafter, and that it is for the value of that new fly-wheel furnished the plaintiffs seek to recover."

The defendants upon the trial of the case in the court below, in substance and effect, contended: That Mr. Allis had contracted to errect for the defendants in their mills a complete power outfit, for which, when erected, tested, and in good running order, they were to pay the contract price; that, as the plaintiffs' testator had brought this action upon the common counts for goods sold and delivered, they could only recover upon showing a full performance of the contract, namely, that they had erected a complete power outfit in the defendants' mills, in compliance with their contract, and that the same was in good running order; that the plaintiffs could not show under the declaration a breach of the contract by the defendants in respect to the provision in regard to teaming in Grand Rapids.[1]

The circuit judge ruled with the defendants, and excluded the evidence offered by the plaintiffs to show that the defendants' employés so negligently and unskillfully handled the fly-wheel that the same was broken.

---

[1] Counsel cited *Machine Co. v. Gaertner*, 63 Mich. 520; *Cole v. Common Council*, 53 Id. 438; *Butterfield v. Seligman*, 17 Id. 95.

The argument of counsel for plaintiffs here is that plaintiffs' testator was to do certain work and furnish certain goods; that defendants were to pay for the same, and do certain work; that, in doing the work which the defendants under the contract were to do, they so did it that plaintiffs' testator was compelled to do certain additional and extra work, and furnish extra and additional material; that he fully performed on his part and furnished the extra work and material which defendants' action obliged him to provide in order to do as he had agreed; that after all this was done nothing remained but for defendants to pay, and that for such extra work and material so furnished he could sue and recover on the common counts in *assumpsit,* as the question of breakage comes in only as determining the question of who created the necessity for the extra work and material.[1]

At first blush there would seem to be much plausibility in this argument. But the suit is brought upon the contract under the common counts in *assumpsit.* The first item of the bill of particulars of plaintiffs' claim is for "one 14x42 Reynolds-Corliss engine complete, with fly-wheel, 12x23." This item also contains charges for all the fixtures and material for the erection of the mill. This is under the date of December 27, 1887. These items make up the total of the original contract price of $6,829.54. Under date of February 11, 1888, the bill of items shows a charge for one split fly-wheel, 12x23, $430, and for freight charges. The original contract was for one fly-wheel to be used with the engine, etc., and the last payment to be made within 30 days from the time Mr. Allis turned the plant over to the defendants in good running order. It is seen, therefore, that the original contract only called for one fly-wheel, and that

---

[1] Counsel cited *Bush v. Brooks,* 70 Mich. 466.

to be erected in the mill, and in good running order, when the final payments were to be made. The defendants paid the full contract price. This action is now brought on the common counts in *assumpsit* to recover the value of the extra fly-wheel.

It is evident, under the contract, and the circumstances here stated, that the plaintiffs could only recover for this extra fly-wheel upon the ground that the defendants were guilty of some negligence in transporting the wheel from the depot to the mill; that it was the duty of the defendants, under the contract, safely to take the wheel from the depot and place it in the mill; that in doing so Davis, the truckman, and his men, were the agents and servants of the defendants, and for whose negligent acts the defendants could be held responsible to the plaintiffs; and that, in doing this work, Davis and his employés were so negligent and careless that the wheel was broken without the fault or negligence of Mr. Allis or his servants and agents. The questions sought to be litigated involved these elements on any view of the case which may be presented. The argument of the learned counsel does not meet the whole question. It is not simply a question whether an extra fly-wheel was furnished, and whose duty it was to furnish it, but it involved all the other issues stated.

We are not called upon under the state of the pleadings here to determine what the contract means, or who was to transport the wheel from the depot to the mill, or who would be responsible for the breakage. Under the common counts in *assumpsit*, these questions cannot be litigated. The defendants when they come into court to answer to such charges have the right to be advised by the pleadings what the claim is, and in what manner they are chargeable with negligence. The correct solution of the questions involved might depend upon extraneous circumstances brought to aid the interpretation of the

contract. When such a case is presented, it will then be time to give construction to the contract. As the case is now presented, the court very properly ruled that recovery for the wheel could not be had under the common counts in *assumpsit.*

The judgment must be affirmed, with costs.

The other Justices concurred.